

FILED ✓ _____ RECEIVED
_____ ENTERED _____ SERVED ON
COUNSEL/PARTIES OF RECORD

JAN 1 4 2011

CLERK US DISTRICT COURT
DISTRICT OF NEVADA
BY: _____ DEPUTY

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| ROBERTO URANGA, ) | |
|       Plaintiff, ) | 3:10-cv-00014-RCJ-RAM |
| vs. ) | |
| BRENT T. ADAMS et al., ) | **ORDER** |
|       Defendants. ) | |

This case arises out of a sanctions order entered against Plaintiff in state court. Plaintiff has sued the judge who issued the order, as well as former Governor Jim Gibbons, the Equal Employment Opportunity Commission ("the EEOC"), the Nevada Equal Rights Commission ("NERC"), and several other individuals and institutions. Pending before the Court are five motions to dismiss, a motion for judgment on the pleadings, a motion for leave to file an amended response to one of these motions, and four motions to extend time to respond to one of them. For the reasons given herein, the Court grants the motions to dismiss and the motion for judgment on the pleadings and denies the motion to amend and the motions to extend time.

## I.   FACTS AND PROCEDURAL HISTORY

Although Plaintiff Roberto Uranga lists several generalized grievances about societal racism and economic hardship, he alleges only one controversy for which he has standing to sue: the entrance of a sanctions order against him in the amount of $11,085.73 in the Second Judicial

1  District Court in Nevada by Judge Brent T. Adams. (*See* Compl. 2, 5–7). Based on the entry of
2  this order, Plaintiff sued Defendants in this Court on seven causes of action, although not
3  precisely entitled or numbered as such in the Complaint: (1) Equal Protection Violation Pursuant
4  to 42 U.S.C. § 1983; (2) Breach of Contract (against the EEOC and NERC); (3) Negligent
5  Misrepresentation (against the EEOC and NERC); (4) Defamation; (5) Intentional Infliction of
6  Emotional Distress ("IIED"); (6) Invasion of Privacy; and (7) Tortious Interference with
7  Prospective Economic Advantage. (*See* Compl., ECF No. 5). Defendants are Judge Brent T.
8  Adams; former Governor Jim Gibbons; Montroy Supply Co. ("Montroy"); Edward Wojna,
9  James D. Wilson, and Joy Wilson (employees of Montroy); Kimberly H. Albro (an attorney for
10 Montroy); McDonald, Carano, Wilson, LLP ("MCW," Albro's firm); the EEOC; Stuart Ishimaru
11 (acting Chairman of the EEOC); and NERC.

12 **II.    LEGAL STANDARDS**

13    **A.    Rule 12(b)(6)**

14 Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the
15 claim showing that the pleader is entitled to relief" in order to "give the defendant fair notice of
16 what the . . . claim is and the grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47
17 (1957). Federal Rule of Civil Procedure 12(b)(6) mandates that a court dismiss a cause of action
18 that fails to state a claim upon which relief can be granted. A motion to dismiss under Rule
19 12(b)(6) tests the complaint's sufficiency. *See N. Star Int'l v. Ariz. Corp. Comm'n*, 720 F.2d 578,
20 581 (9th Cir. 1983). When considering a motion to dismiss under Rule 12(b)(6) for failure to
21 state a claim, dismissal is appropriate only when the complaint does not give the defendant fair
22 notice of a legally cognizable claim and the grounds on which it rests. *See Bell Atl. Corp. v.*
23 *Twombly*, 550 U.S. 544, 555 (2007). In considering whether the complaint is sufficient to state a
24 claim, the court will take all material allegations as true and construe them in the light most
25 favorable to the plaintiff. *See NL Indus., Inc. v. Kaplan*, 792 F.2d 896, 898 (9th Cir. 1986). The

1  court, however, is not required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences. *See Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001). A formulaic recitation of a cause of action with conclusory allegations is not sufficient; a plaintiff must plead facts showing that a violation is plausible, not just possible. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (citations omitted).

"Generally, a district court may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion. However, material which is properly submitted as part of the complaint may be considered." *Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1555 n.19 (9th Cir. 1990) (citation omitted). Similarly, "documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading, may be considered in ruling on a Rule 12(b)(6) motion to dismiss" without converting the motion to dismiss into a motion for summary judgment. *Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994). Moreover, under Federal Rule of Evidence 201, a court may take judicial notice of "matters of public record." *Mack v. S. Bay Beer Distribs., Inc.*, 798 F.2d 1279, 1282 (9th Cir. 1986). Otherwise, if the district court considers materials outside of the pleadings, the motion to dismiss is converted into a motion for summary judgment. *See Arpin v. Santa Clara Valley Transp. Agency*, 261 F.3d 912, 925 (9th Cir. 2001).

**B.     Rule 12(c)**

"After the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). The standards governing a Rule 12(c) motion are the same as those governing a Rule 12(b)(6) motion. *See Dworkin v. Hustler Magazine, Inc.*, 867 F.2d 1188, 1192 (9th Cir. 1989) ("The principal difference . . . is the time of filing. [T]he motions are functionally identical . . . .").

**C.     Rule 12(b)(1)**

Federal courts are of limited jurisdiction, possessing only those powers granted by the

1 Constitution and statute. *See United States v. Marks*, 530 F.3d 799, 810 (9th Cir. 2008) (citations
2 omitted). The party asserting federal jurisdiction bears the burden of overcoming the
3 presumption against it. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).
4 Federal Rule of Civil Procedure 12(b)(1) provides an affirmative defense via a motion to dismiss
5 for lack of subject matter jurisdiction. *See* Fed. R. Civ. P. 12(b)(1). Additionally, a court may
6 raise the question of subject matter jurisdiction *sua sponte* at any time during pendency of an
7 action. *United States v. Moreno-Morillo*, 334 F.3d 819, 830 (9th Cir. 2003). "[W]hen a federal
8 court concludes that it lacks subject-matter jurisdiction, the court must dismiss the complaint in
9 its entirety." *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006) (citing 16 J. Moore et al.,
10 Moore's Federal Practice § 106.66[1], pp. 106-88 to 106-89 (3d ed. 2005)).

11     **D.    Rules 12(b)(5) and 4(m)**
12     Under Rule 12(b)(5), a complaint can be dismissed for failure to properly serve a
13 defendant with process. Rule 4(m) requires dismissal for failure to serve the summons and
14 complaint within 120 days of filing the complaint, unless good cause is shown for the failure.

15 **III.    ANALYSIS**
16     As a threshold matter, Judge Adams has judicial immunity for actions taken in his
17 judicial capacity. He is immune from the equal protection claim. The remaining claims are
18 conclusory and will be dismissed for failure to state a claim, as well. Also, several Defendants
19 have not been properly served, and neither the EEOC nor former Governor Gibbons in his
20 official capacity may be sued.

21     **A.    Judicial Immunity**
22     Judges and courts have absolute civil immunity for their judicial acts, including
23 immunity from 42 U.S.C. § 1983 claims, and regardless of any erroneous application of the law,
24 unless they act in a "clear absence" of subject-matter jurisdiction. *Stump v. Sparkman*, 435 U.S.
25 349, 356–58 (1978) (citing *Bradley v. Fisher*, 80 U.S. 335 (1871)). Plaintiff's Complaint is

1  based on the allegedly wrongful imposition of sanctions against him, not a lack of the court's
2  jurisdiction over the underlying matter or the ability to impose sanctions. Nevada's District
3  Courts have jurisdiction over civil matters, and this includes the ability to issue all writs proper
4  and necessary for its complete exercise. Nev. Const. art. 6, §§ 1, 6(1). Plaintiff has conclusorily
5  alleged a lack of jurisdiction in his response—the Complaint does not allege any lack of
6  jurisdiction—but he has not explained why he thinks there was a lack of jurisdiction. Instead, he
7  has chosen in his response to discuss "cross-cultural Moral boundaries" and perceived historical
8  wrongs throughout society at large. He also makes arguments about the Treaty of Guadalupe-
9  Hidalgo and recounts incidents of racial tension in the United States. None of this is relevant to
10 the fact that Judge Adams is absolutely immune to civil liability for his judicial actions, and all
11 causes of action must be dismissed as to him. "Intentional racial aggression," as Plaintiff puts it,
12 is not an exception to the judicial immunity doctrine.

Furthermore, to the extent Plaintiff means to appeal the sanctions order directly to this Court, the Court cannot entertain his case. Congress has not provided the U.S. District Court with appellate jurisdiction over the state courts. *See* U.S. Const., art. III, § 2; *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005) (citing *Rooker v. Fid. Trust Co.*, 263 U.S. 413 (1923); *D.C. Court of Appeals v. Feldman*, 460 U.S. 462 (1983)). Plaintiff must appeal the sanctions to the Nevada Supreme Court, and then, if he loses, petition the United States Supreme Court for a writ of certiorari.

B. **Sovereign Immunity**

Next, as the EEOC correctly notes, Congress has not waived sovereign immunity to permit a suit against the EEOC for alleged negligence in investigating charges. *See. e.g., Smith v. Casellas*, 119 F.3d 33, 34 (D.C. Cir.), *cert. denied.*, 522 U.S. 1037 (1997). And former Governor Gibbons correctly notes that he is nowhere implicated in the body of the Complaint as having committed any civil wrongs, even assuming he did not enjoy immunity under the

Eleventh Amendment in his official capacity, which he does. The Court dismisses as against him for these additional reasons.

### C. Improper Service

NERC additionally argues that it has never been properly served and that time for service has expired. MCW makes the same argument with respect to Albro. Plaintiff has entered various summonses into the record. (*See* Summonses, ECF Nos. 6 to 6-10). Plaintiff filed the Complaint on February 9, 2010, and therefore had until June 9, 2010 to serve Defendants with copies of the Summons and Complaint. *See* Fed. R. Civ. P. 4(m). A return of service appears in the record alleging service upon Joy Wilson by delivery to Edward Wojna, but there is no indication that the person accepting service was authorized to accept service for the person summonsed. (*See* Process Receipt and Return, ECF No. 7). The same is true for James Wilson and Judge Adams (*See* ECF Nos. 9, 11). Albro's summons was returned unexecuted. (*See* ECF No. 14). Wojna, Montroy, the EEOC, MCW, Ishimaru, Gibbons, and NERC, however, appear to have been personally served or served through their agents. (*See* ECF Nos. 8, 10, 12, 13, 15, 33, 34).

MCW's motion to dismiss for improper service as to Albro will be granted, as Plaintiff has not shown good cause for his failure to serve her. NERC appears to have been served, but it argues that Plaintiff has failed to serve the administrative head of NERC. Service was made on April 29, 2010 to "Clark Leslie, Sr. Deputy AG" at the capital building in Carson City. (*See* ECF No. 34). A state-created governmental organization must be served by service on the chief executive officer (the governor) or by the manner prescribed by state law for serving such a defendant. Fed. R. Civ. P. 4(j)(2)(A)–(B). There is no evidence former Governor Gibbons was personally served. For state agencies, Nevada requires service on both the Attorney General and the "person serving in the office of administrative head of the named agency." Nev. Rev. Stat. § 41.031(2)(a)–(b). There is no evidence the head of NERC was served. Plaintiff has not shown

good cause for the failure and has not timely responded to the motion. The Court grants NERC's motion to dismiss.

### D. The Merits

First, the breach of contract claim against the EEOC and NERC alleges no contract. Plaintiff complains that these organizations are understaffed and have policies making it difficult for him to obtain the relief he seeks. These are generalized grievances that do not support standing for any cognizable claim. Aside from Plaintiff's conclusory assertion of a "Quasi-contract/agreement and/or implied contract," there are no facts pled indicating the existence of any contract. The Court dismisses this cause of action.

Second, the negligent misrepresentation claim against the EEOC and NERC does not allege any false statement of fact. In Nevada, a claim for negligent misrepresentation requires:

> 1) a representation that is false; 2) that the representation was made in the course of the defendant's business or in any action in which he has a pecuniary interest; 3) the representation was for the guidance of others in their business transactions; 4) the representation was justifiably relied upon; 5) that such reliance resulted in pecuniary loss to the relying party; and 6) that the defendant failed to exercise reasonable care or competence in obtaining or communicating the information.

*G.K. Las Vegas Ltd. P'ship v. Simon Prop. Grp., Inc.*, 460 F. Supp. 2d 1246, 1262 (D. Nev. 2006) (Ezra, J.). Under Rule 9(b), circumstances constituting fraud or mistake must be stated with particularity. Fed. R. Civ. P. 9(b). This has been construed to require a plaintiff to "state precisely the time, place and nature of the misleading statements, misrepresentations and specific acts of fraud." *Kaplan v. Rose*, 49 F.3d 1363, 1370 (9th Cir. 1994). A plaintiff must plead facts such as "he bought a house from defendant, that the defendant assured him that it was in perfect shape, and that in fact the house turned out to be built on a landfill . . . ." *Warshaw v. Xoma Corp.*, 74 F.3d 955, 960 (9th Cir 1996) (quoting *In re GlenFed, Inc. Sec. Litig.*, 42 F.3d 1541, 1548 (9th Cir. 1994) (en banc)). The plaintiff must also "set forth an explanation as to why the statement or omission complained of was false and misleading." *In re GlenFed, Inc. Sec. Litig.*,

42 F.3d at 1548. Plaintiff alleges only that the EEOC and NERC failed to inform him that they were understaffed and underfunded, and that this also constituted a breach of contract. Even if such an omission were a matter of fact as opposed to opinion, Plaintiff cannot have relied on such an omission to his detriment. He alleges that he would have explored other strategies to enforce his rights. But only the EEOC and NERC can initially adjudicate discrimination claims. Plaintiff cannot have filed a claim in court directly without first filing it with the EEOC or NERC. Also, he alleges no damages from this alleged reliance. The Court dismisses this cause of action.

Third, Plaintiff claims defamation, but merely recites the elements of the claim. He identifies no particular defamatory statements, so it is not known which Defendants are implicated or under which constitutional standard the Court must determine the sufficiency of the allegations, because statements implicating matters of public importance require a more exacting standard of constitutional scrutiny than those that do not, regardless of whether a plaintiff is a private or public figure. He presumably grounds the claim on the judicial sanctions order. Such an order cannot be the subject of a defamation claim. The Court dismisses this cause of action.

Fourth, Plaintiff claims IIED but alleges no physical manifestations of severe emotional distress supporting such a claim. His claim is a recitation of the cause of action and will be dismissed.

Fifth, Plaintiff claims an invasion of his privacy but nowhere in the Complaint alleges facts making plausible such an intrusion. The cause of action is conclusory, and the Court dismisses it.

Sixth, Plaintiff claims tortious interference with prospective economic advantage, but he alleges no facts making such a claim plausible. The allegations do not even recite the necessary elements of this cause of action. Plaintiff alleges only that he entered into a business relationship

with a third party and anticipated an economic advantage therefrom. Apart from the title of the claim, it is not even clear whether Plaintiff means to plead interference with contractual relations or with prospective economic advantage. The Court dismisses this claim.

Finally, Plaintiff has made no allegations in the body of the Complaint that MCW, Albro, Montroy, or Montroy's employees have committed any civil wrongs.

## CONCLUSION

IT IS HEREBY ORDERED that the Motions to Dismiss (ECF Nos. 16, 32, 40, 42, 59) and the Motion for Judgment on the Pleadings (ECF No. 21) are GRANTED.

IT IS FURTHER ORDERED that the Motion for Leave to File an Amended Response (ECF No. 37) and Motions to Extend Time (ECF Nos. 49, 61, 63, 64) are DENIED.

IT IS SO ORDERED.

Dated this 14th day of January, 2011.

_____
ROBERT C. JONES
United States District Judge